IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHELLE R. WILEY, | ) |
| Plaintiff, | ) |
| v. | ) NO. 11-3322 |
| SHOPKO STORES OPERATING CO., LLC, Individually and d/b/a SHOPKO; SHOPKO HOLDING COMPANY, INC., Individually and d/b/a SHOPKO; and SPIRIT SPE PORTFOLIO 2006-1, LLC, Individually and d/b/a SHOPKO, | ) |
| Defendants. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

This is a personal injury case which was filed in the Circuit Court of the Seventh Judicial Circuit, Morgan County, Illinois. On August 18, 2011, the action was removed to this Court based on the Defendants' assertion of jurisdiction pursuant to 28 U.S.C. § 1332. Pending are Motions to Dismiss on behalf of Defendant Spirit SPE Portfolio 2006-1, LLC [d/e 4] and Shopko Holding Company, Inc. [d/e 5]. Pending also is

the Plaintiff's Motion to Remand [d/e 8].

## I. MOTIONS TO DISMISS

The Plaintiff asserts premises liability claims against each of the Defendants. Defendant Spirit SPE Portfolio 2006-1, LLC ("Spirit") notes Plaintiff has alleged that she was injured at a store located in Jacksonville, Illinois. The store is operated by Defendant Shopko Stores Operating Co., LLC, a Delaware corporation, which is a subsidiary of Shopko Holding Company, Inc.

Spirit claims that it has no involvement in the operation of the store. The Plaintiff has made no allegations related to the issue of piercing the corporate veil so as to impose liability on Spirit for the actions of employees of Shopko Stores Operating Co., LLC. Because the Plaintiff alleges no basis to disregard the separate corporate status of Spirit and to impose liability for the alleged negligence of the employees of Shopko Stores Operating Co., LLC , Spirit claims that it should be dismissed from this action.

In its Motion to Dismiss, Defendant Shopko Holding Company, Inc. contends that the claims asserted against it should be dismissed for the

same reasons as are advanced by Spirit.

The Plaintiff has not responded to either Motion to Dismiss. Therefore, the Court presumes that the Plaintiff does not oppose the Defendants' motions. See CDIL-LR 7.1(B)(2). Because neither Defendant has any involvement in the operation of the store and there is no basis to disregard either Defendant's corporate status, the Court will Allow both Motions to Dismiss.

## II. MOTION TO REMAND

In support of the Motion to Remand, the Plaintiff disputes the Defendants' assertion in their Notice of Removal that the matter in controversy exceeds $75,000.00, based on the Plaintiff's alleged injuries. The statute provides, in pertinent part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," when there is complete diversity between the parties. See 28 U.S.C. § 1332(a).

The only issue is whether the amount in controversy has been met. In her Complaint, the Plaintiff specifically alleged that the value of her

claim does not exceed $75,000.  Moreover, the Plaintiff states that on August 31, 2011, the Plaintiff filed in state court her Irrevocable Certification of Damages Not in Excess of $75,000.00, which reiterates that she will not seek a financial recovery of more than $75,000 against the Defendants for her injuries arising from the occurrence alleged in the Complaint.  For these reasons, the Plaintiff contends that the amount in controversy in this case does not exceed the sum or value of $75,000, exclusive of interest and costs, and this Court therefore lacks jurisdiction over the subject matter.

In their Response, the Defendants assert that the Plaintiff's allegation in her Complaint with respect to the amount of recovery sought and Certification of Damages are insufficient to prevent removal.  The Illinois Rules of Civil Procedure prohibit plaintiffs from praying for specific relief in their complaints.  In personal injury cases, "no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed."  <u>See</u> 735 ILCS 5/2-604.  Pleading more than the jurisdictional minimum in state court is grounds for

dismissal. See id.

The Defendants assert that if a plaintiff wants to ensure that the amount in controversy is less than $75,000, it should have so stipulated. See BEM v. Anthropologie, 301 F.3d 548, 552 (7th Cir. 2002). "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." In re Shell Oil, Co., 970 F.2d 355, 356 (7th Cir. 1992). "If Illinois, like some states, had a rule limiting the plaintiff's recovery to the amount asked for in the complaint, that would have the same effect as a stipulation, and then the plaintiff who asked for less than $75,000.00 in damages would prevent removal. But Illinois does not have such a rule." BEM, 301 F.3d at 552 (citation within quotation omitted).

The Defendants assert that the Attestation in the Complaint from the Plaintiff's counsel that the damages sought do not exceed $75,000.00 is insufficient to prevent removal. Moreover, although the Plaintiff on August 31, 2011, filed with the state court a Certification stating that she will not seek damages in excess of $75,000.00, the Certification was filed more than thirty days after her Complaint and only after Defendants had filed their

Notice of Removal. In order to prevent removal, the Certification would need to have been filed with the Complaint. See Shell Oil, 970 F.2d at 356 ("Because jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint."). Accordingly, the Plaintiff's post-removal Certification is not effective to prevent removal.

The Defendant further notes that the Plaintiff claims that she suffered severe, permanent, and painful injuries. She states she has suffered excruciating pain for several months. According to the Complaint, the Plaintiff claims a limited range of motion in her shoulder and permanent disability in how she raises her arm. She claims to have difficulty caring for her children and performing household tasks. She states that she suffers from muscle spasms and constant throbbing pain. The Plaintiff claims $30,507.28 in medical expenses alone.

Additionally, the Defendants have attached a January 18, 2011, letter from counsel wherein the Plaintiff made a settlement demand of $132,000.00, based upon the "injuries and residuals" allegedly suffered as

a result of the incident. Among other factors, the removing defendant may rely on a plaintiff's settlement demand to establish the amount in controversy. See Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006).

The Court concludes that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The simple assertion in the Plaintiff's complaint that her claim does not exceed the jurisdictional minimum is insufficient to defeat removal. That allegation is inconsistent with her settlement demand. Moreover, because the amount in controversy is determined at the time of removal, the Plaintiff's post-removal Certification that damages do not exceed $75,000.00 is ineffective.

Ergo, the motion to dismiss Defendant Spirit SPE Portfolio 2006-1, LLC [d/e 4] is ALLOWED. Spirit SPE Portfolio 2006-1, LLC is hereby Dismissed as a Defendant.

The motion to dismiss Defendant Shopko Holding Company, Inc. [d/e 5] is ALLOWED. Shopko Holding Company, Inc. is hereby Dismissed as a Defendant.

The Plaintiff's motion to remand [d/e 8] is DENIED.

This case is referred to United States Magistrate Judge Byron G. Cudmore for the purpose of scheduling a discovery conference.

ENTER: September 29, 2011

FOR THE COURT:

s/Richard Mills  
United States District Judge